UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24640

RONALD M. SAINT-VIL,

    Plaintiff,

vs.

CITY OF MIAMI BEACH, and
AUGUSTIN RODRIGUEZ,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, RONALD M. SAINT-VIL ("Mr. Saint-Vil"), hereby sues Defendants, CITY OF MIAMI BEACH (the "City"), and AUGUSTIN RODRIGUEZ ("Officer Rodriguez"), and alleges as follows:

**INTRODUCTION**

1. This case arises out of the battery and unlawful arrest of an innocent, unarmed black man by City of Miami Beach police officers for merely exercising his First Amendment right to video record the officers as they placed a prisoner in a transport vehicle. The officers, without any provocation or probable cause, tased Mr. Saint-Vil and continued to tase him after he was incapacitated, all while taunting him with vile racial slurs. After his arrest, one or more officers provided false statements about the incident, which led to Mr. Saint-Vil being criminally charged with a slew of false charges, all of which were dropped.

2. Defendants, through their actions, violated Mr. Saint-Vil's rights under 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida. This action is being brought against the City of Miami Beach and one

of its officers for damages sustained by Mr. Saint-Vil as a consequence of the violations of these rights.

## JURISDICTION AND VENUE

3.     This action arises under the constitution and laws of the United States, particularly the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this district because the events complained of occurred in Miami Beach, Florida.

6.     All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statutes Chapter 768.

## PARTIES

7.     Mr. Saint-Vil is an individual, *sui juris*, a resident of Miami-Dade County, Florida, and of African American descent.

8.     City is a municipality of the State of Florida and is organized pursuant to the laws of Florida. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States. The City assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

9. Officer Rodriguez is an individual, *sui juris*, and a resident of Miami-Dade County, Florida. At all times material, Officer Rodriguez was and/or is employed as a police officer of the City of Miami Beach Police Department ("MBPD").

## NON-PARTY PARTICIPANTS[1]

10. Officer Crews is an individual, *sui juris*, and a resident of Miami-Dade County, Florida. At all times material, Officer Crews was and/or is employed as a police officer of the City of Miami Beach Police Department ("MBPD").

11. Officer Garcia is an individual, *sui juris*, and a resident of Miami-Dade County, Florida. At all times material, Officer Garcia was and/or is employed as a police officer of the City of Miami Beach Police Department ("MBPD").

## FACTUAL ALLEGATIONS GIVING RISE TO THE CAUSES OF ACTION

12. Mr. Saint-Vil is a 43-year old African American male, a former correctional officer for the State of South Carolina, and former model with Ford Modeling.

13. On the evening of November 11, 2017, Mr. Saint-Vil, together with his wife, Indre Grigaite, attended a charity event for victims of Hurricane Irma and Hurricane Maria at the SLS Hotel on 1701 Collins Avenue, Miami Beach, FL 33139.

14. Music for the event was being provided by celebrity disc jockey, DJ Irie, and Mr. Saint-Vil was hired to assist DJ Irie with equipment setup, and also "DJ'd" himself from approximately 8:30 p.m. until 10:00 p.m.

---

[1] Officer Crews and Officer Garcia are not currently named as parties to this lawsuit, however, Mr. Saint-Vil reserves the right to add these officers, individually, as parties should discovery reveal that their actions, or inactions, as further alleged in this lawsuit, were motivated by bad faith or malice.

15. The event concluded at approximately 12:45 a.m., at which point Mr. Saint-Vil, with the assistance of his wife, packed up Mr. Saint-Vil's DJ equipment and loaded it into his van.

16. While pulling out of their parking spot, Ms. Grigaite realized she left her purse behind the DJ booth. Mr. Saint-Vil dropped her off at the front entrance of the SLS hotel and told her he would pick up her at the side of the hotel.

17. Mr. Saint-Vil then drove his van around to the side of the hotel, parked, stepped out, and opened the back doors of his van, so that if anyone were to ask why he was waiting there, he could demonstrate he was part of the DJ crew.

18. While waiting for his wife, Mr. Saint-Vil witnessed two Miami Beach police officers, now known to be Miami Beach Police Officer Curtis Crews ("Officer Crews") and Officer Rodriguez, placing a suspect into a prisoner transport van and began recording the incident on his cell phone, as he was constitutionally permitted to do under the First Amendment.

19. One of the officers calmly asked Mr. Saint-Vil if he could help him, to which Mr. Saint-Vil politely responded "no, sir."

20. Mr. Saint-Vil then walked toward the back of his van and called his wife to tell her where he was parked.

21. During this call, one of the officers, now known to be Officer Rodriguez, aggressively approached Mr. Saint-Vil and demanded to know what he was doing, to which Mr. Saint-Vil, responded he was waiting for some equipment.

22. Officer Rodriguez then shouted to Mr. Saint-Vil, "you are coming with me." While Mr. Saint-Vil questioned Officer Rodriguez as to why he was commanding him to go with the officer, Mr. Saint-Vil sees Officer Rodriguez pull out a taser. Mr. Saint-Vil then yelled out "Sir,

4

what are you doing?!," at which point Officer Rodriguez, unprovoked and for no reason, tased Mr. Saint-Vil.

23. In shock and disbelief, and reasonably fearing for his safety, Mr. Saint-Vil removed the taser probes from his body and ran toward the boardwalk behind the hotel.

24. Officer Rodriguez called for backup, after which Miami Beach Police Officer Alfredo Garcia ("Officer Garcia") appeared on the scene.

25. Officer Garcia caught up to Mr. Saint-Vil and tased him (now St. Vil's second time being tased), causing Mr. Saint-Vil to vomit and become incapacitated. Despite being incapacitated, Officer Garcia tased Mr. Saint-Vil a second time (St. Vil's third time being tased), causing Mr. Saint-Vil to suffer additional injuries.

26. While being placed in handcuffs on the floor, Officer Rodriguez[2] shouted at Mr. Saint Vil in an aggressive tone: **"Who got the biggest dick now, nigger!"** and **"You thought you were fast, nigger, now we got you."**

27. Mr. Saint Vil was not read his Miranda rights at any point during his arrest.

28. After being placed in the police car, Mr. Saint-Vil asked Officer Rodriguez why he had done this to him, to which Officer Rodriguez responded, **"shut the f*ck up nigger."**

29. Officer Rodriguez, in targeting, tasing, and arresting Mr. Saint-Vil for no apparent reason, and later taunting him with vile racial slurs, acted in bad faith and with a malicious purpose.

30. Officer Crews witnessed Officer Rodriguez's unwarranted attempts to initially apprehend Mr. Saint-Vil, the inappropriate racial slurs, and the use of excessive force against Mr.

---

[2] Upon information and belief, ether or both of these statements were made by Officer Rodriguez. To the extent discovery reveals otherwise, Mr. Saint-Vil reserves the right to amend his Complaint to add allegations against Officer Garcia or any other officer who may have made one or both statements.

Saint-Vil, but did nothing to intervene. To the contrary, he was complicit in Mr. Saint-Vil's false arrest.

31. Following the false arrest, Mr. Saint-Vil was taken to a hospital to be treated for his injuries. Despite being (wrongfully) accused by the officers of being intoxicated, no toxicology tests were conducted on Mr. Saint-Vil and in fact, one of the nurses who treated him informed him he did not appear to be intoxicated.

32. Following his hospitalization, Mr. Saint-Vil was taken to jail, where he was falsely charged with the following criminal charges: (1) battery, (2) resisting arrest with violence, (3) resisting an officer without violence, (4) disorderly intoxication, and (5) interference with a prisoner.

33. Mr. Saint-Vil, however, never committed a battery upon anyone, was not intoxicated, did not resist arrest with or without violence, and never interfered with any prisoner.

34. On November 13, 2017, three of the above-listed false charges (battery, resisting arrest without violence, and disorderly intoxication) were filed against Mr. Saint-Vil in Miami-Dade County Criminal Court Case No. F17021668. The charges were predominantly based on Officer Rodriguez' false account of what transpired the night of Mr. Saint-Vil's arrest.

35. On February 14, 2018, the State Attorney dismissed all charges against Mr. Saint-Vil.

36. As a direct result of Officer Rodriguez and Officer Garcia's actions, and Officer Crews' inactions, an otherwise pleasant evening for Mr. Saint-Vil working at a charity event with his wife turned into evening of unwarranted physical and emotional pain, and a sobering insight into the traces of excessive force and racism that still plague police departments today.

## COUNT I
## FALSE IMPRISONMENT/FALSE ARREST – OFFICER RODRIGUEZ

37. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

38. As more fully set forth in paragraphs 12 through 36, Officer Rodriguez proximately caused the arrest/seizure of Mr. Saint-Vil in the absence of probable cause that Mr. Saint-Vil committed any criminal offense.

39. Such actions by Officer Rodriguez resulted in the unlawful detention and deprivation of liberty of Mr. Saint-Vil, against his will.

40. The actions by Officer Rodriguez, in causing the arrest/seizure of Mr. Saint-Vil in the absence of probable cause, were taken in the absence of legal authority.

41. The actions of Officer Rodriguez, in causing the arrest/seizure of Mr. Saint-Vil, without Mr. Saint-Vil having committed any crime or posing any threat to Officer Rodriguez of the general public, was unreasonable and unwarranted under the circumstances.

42. As previously set forth in paragraphs 12 through 36, Officer Rodriguez' false arrest/seizure of Mr. Saint-Vil was done in bad faith and with a malicious purpose.

43. As a direct and proximate result of Officer Rodriguez' actions, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory damages and punitive against Officer Rodriguez for his false imprisonment, together with court costs and such other relief as this Court deems just and proper.

## COUNT II
## BATTERY – OFFICER RODRIGUEZ

44. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

45. After Mr. Saint-Vil stopped filming Officer Rodriguez and Officer Crews detaining a prisoner (as was his constitutional right under the First Amendment), he walked away from the officers and called his wife.

46. Officer Rodriguez subsequently, and without any reason or provocation, approached Mr. Saint-Vil and asked Mr. Saint-Vil to "come with me."

47. When Mr. Saint-Vil began questioning Officer Rodriguez, in a non-threatening manner, as to why he was being detained, Officer Rodriguez responded by tasering Mr. Saint-Vil.

48. Officer Rodriguez' tasering of Mr. Saint-Vil under the circumstances constituted excessive and unnecessary force.

49. Officer Rodriguez' tasering of Mr. Saint-Vil was harmful and offensive and occurred without Mr. Saint-Vil's consent.

50. Tasering an innocent, unarmed black man, who posed no threat or danger to anyone, and who Officer Rodriguez did not witness commit any crimes, constitutes an offensive touching that falls outside the ordinary incidents of arrest.

51. The conduct of Officer Rodriguez was done unlawfully and intentionally to cause harmful or offensive contact with Mr. Saint-Vil, thereby constituting a battery upon Mr. Saint-Vil.

52. The force used in the battery by Officer Rodriguez exceeded the amount of force as may be reasonably necessary to carry out the duties and responsibilities of an officer.

53. The battery occurred with great force and excessive use of force, causing Mr. Saint-Vil bodily injury.

54. As previously set forth in paragraphs 12 through 36, Officer Rodriguez' battery upon Mr. Saint-Vil was done in bad faith and with a malicious purpose.

55. As a direct and proximate result of the batter and excessive use of force, Mr. Saint-Vil has suffered physical injury, mental anguish, loss of income, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for his false imprisonment, together with court costs such other relief as this Court deems just and proper.

## COUNT III
## BATTERY – THE CITY

56. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 12 through 36.

57. As more fully set forth in paragraphs 12 through 36, when Officer Garcia caught up to Mr. Saint-Vil, he tased Mr. Saint-Vil, causing him to vomit and become incapacitated.

58. Despite being incapacitated, Officer Garcia unnecessarily, and without provocation, tased Mr. Saint-Vil a second time, causing Mr. Saint-Vil to sustain further injuries.

59. At all times material, Officer Garcia was acting under the authority of the State of Florida and under color of law as a police officer of the City, and in such capacity, as agent, servant,

and employee of the City. Accordingly, the City is responsible for the actions of Officer Garcia under § 768.28(9)(a), Fla. Stat.

60. Officer Garcia's tasering of Mr. Saint-Vil a second time when he was already incapacitated constituted excessive and unnecessary force.

61. Officer Garcia's tasering of Mr. Saint-Vil a second time was harmful and offensive and occurred without Mr. Saint-Vil's consent.

62. Officer Garcia's tasering of Mr. Saint-Vil a second time constitutes an offensive touching that falls outside the ordinary incidents of arrest.

63. The conduct of Officer Garcia was done unlawfully and intentionally to cause harmful or offensive contact with Mr. Saint-Vil, thereby constituting a battery upon Mr. Saint-Vil.

64. The force used in the battery by Officer Garcia in tasering Mr. Saint-Vil a second time exceeded the amount of force as may be reasonably necessary to carry out the duties and responsibilities of an officer.

65. The battery occurred with great force and excessive use of force, causing Mr. Saint-Vil bodily injury.

66. As a direct and proximate result of the batter and excessive use of force, Mr. Saint-Vil has suffered physical injury, mental anguish, loss of income, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory damages against the City for battery, together with court costs and such other relief as this Court deems just and proper.

## COUNT IV
## FALSE ARREST UNDER 42 U.S.C. § 1983 – OFFICER RODRIGUEZ

67. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

68. Officer Rodriguez subjected Mr. Saint-Vil to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the constitutional right not to be deprived of liberty and to be free from unlawful arrest under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

69. With regard to the violations of Mr. Saint-Vil's constitutional rights by Officer Rodriguez, as more specifically set forth in paragraphs 12 through 36, the actions of Officer Rodriguez were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed and designed to injure and oppress Mr. Saint-Vil, and were done with reckless or callous indifference to the federally protected rights of Mr. Saint-Vil.

70. As a direct and proximate result of the acts of Officer Rodriguez, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for violating his Fourth Amendment rights under 42 U.S.C. § 1983, together with court costs, reasonable attorney's fees under 42 U.S.C. § 1983, and such other relief as this Court deems just and proper.

**COUNT V**
**VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983 –**
**OFFICER RODRIGUEZ**

71. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

72. Officer Rodriguez subjected Mr. Saint-Vil to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the constitutional right to equal protection of the laws under the Fourteenth Amendment within the meaning of 42 U.S.C. § 1983.

73. With regard to the violations of Mr. Saint-Vil's constitutional rights by Officer Rodriguez, as more specifically set forth in paragraphs 12 through 36, the actions of Officer Rodriguez were motivated, wholly or in part, by the fact that Mr. Saint-Vil is an African American, as evidenced by the vile racial slurs spewed at Mr. Saint-Vil at the time of his arrest.

74. As a direct and proximate result of the acts of Officer Rodriguez, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for violating his Fourteenth Amendment rights under 42 U.S.C. § 1983, together with court costs, reasonable attorney's fees under 42 U.S.C. § 1983, and such other relief as this Court deems just and proper.

## COUNT VII
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 – OFFICER RODRIGUEZ

75. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

76. Mr. Saint-Vil has a constitutional right under the First Amendment to film police officers performing their official duties in public.

77. Alternatively to the allegations set forth in Count VI, to the extent the acctions of Officer Rodriguez were not motivated by race, then the arrest of Mr. Saint-Vil, without probable cause, as more fully set forth in paragraphs 12 through 36, was, wholly or in part, in retaliation for Mr. Saint-Vil's filming of Officer Rodriguez and Officer Crews loading a suspect into a prisoner van.

78. The conduct of Officer Rodriguez toward Mr. Saint-Vil constitutes unlawful retaliation in violation of Mr. Saint-Vil's clearly established rights under the First Amendment and 42 U.S.C. § 1983 and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

79. As a direct and proximate result of the acts of Officer Rodriguez, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for violating his Fourteenth Amendment rights under 42 U.S.C. § 1983, together with

court costs, reasonable attorney's fees under 42 U.S.C. § 1983, and such other relief as this Court deems just and proper.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – OFFICER RODRIGUEZ

80. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

81. The conduct of Officer Rodriguez in: (a) tasing Mr. Saint-Vil for no reason and without any probable cause that Mr. Saint-Vil was committing a crime or was a danger to Officer Rodriguez or the public; and (b) spewing vile racial slurs at Mr. Saint-Vil as he lay incapacitated after being tased three times, and (c) providing false statements to cause the arrest and filing of unwarranted criminal charges against Mr. Saint-Vil, constituted extreme and outrageous conduct.

82. Officer Rodriguez, through his extreme and outrageous conduct, intentionally, or at least, recklessly, caused Mr. Saint-Vil severe emotional distress.

83. As a direct and proximate result of the acts of Officer Rodriguez, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for intentional infliction of emotional distress, together with court costs and such other relief as this Court deems just and proper.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – THE CITY

84. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

85. As a result of Mr. Saint-Vil being unnecessarily tased by Officer Garcia after Mr. Saint-Vil was already incapacitated, Mr. Saint-Vil suffered an impact, emotional distress, and psychological trauma.

86. At all times material, Officer Garcia was acting under the authority of the State of Florida and under color of law as a police officer of the City, and in such capacity, as agent, servant, and employee of the City.

87. The psychological trauma and emotional distress caused Mr. Saint-Vil to suffer from depression, post-traumatic stress, anxiety, and other physical and mental health injuries.

88. As a direct and proximate result, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory damages against the City for negligent infliction of emotional distress, together with court costs and such other relief as this Court deems just and proper.

## COUNT X
## FAILURE TO TRAIN AND SUPERVISE – THE CITY

89. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

90. The negligent failure of the City to supervise and train its agents, employees, officers, and servants was a direct causal link, or was closely related to, the illegal detention and battery of Mr. Saint-Vil.

91. Specifically, the City failed to supervise and train officers, like Officer Crews, regarding the duty to intervene if and when they witness a fellow officer detaining, or attempting to detain, an innocent person, and/or utilizing excessive force, and, subsequently, giving false testimony to support false charges against an innocent person.

92. The City further failed to supervise and train officers, like Officer Garcia, on the appropriate, lawful use of a taser. The City is or should have been aware that excessive use of force, particularly with tasers, has been a problem among City of Miami Beach Police Officers, given past instances of excessive force, including the death of a young graffiti artist, who was tasered and killed for spray-painting at a McDonalds.

93. As a direct and proximate result of the City's failure to train and supervise, as more specifically set forth herein, Mr. Saint-Vil suffered physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory damages against the City for failure to train and supervise, together with court costs and such other relief as this Court deems just and proper.

## COUNT XI
## MALICIOUS PROSECUTION – OFFICER RODRIGUEZ

94. Mr. Saint Vil realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 36.

95. On or about November 13, 2017, and thereafter, Officer Rodriguez proximately caused criminal proceedings to be instituted or continued against Mr. Saint-Vil with malice and, in the absence of probable cause that Mr. Saint-Vil had committed any criminal offense, by causing documents to be submitted to the State Attorney and making statements to the State Attorney, the prosecuting authority, containing false information and material omissions.

96. At all times material hereto, Officer Rodriguez knew his documents and statements, sworn and unsworn, would be submitted to the State Attorney and would be relied upon by the State Attorney for the institution and continuation of criminal proceedings against Mr. Saint-Vil.

97. Subsequently, the State Attorney proceeded against Mr. Saint-Vil for the charges for which he had been arrested pursuant to the statements provided by Officer Rodriguez.

98. Subsequently, the criminal proceedings were completely terminated in Mr. Saint-Vil's favor on or about December 13, 2017, by the dismissal of the charges by the State Attorney.

99. No probable cause existed for the prosecution of Mr. Saint-Vil for any charge.

100. No reasonably cautious person in the position of Officer Rodriguez, would have believed Mr. Saint-Vil was guilty of any criminal offense.

101. The prosecution of Mr. Saint-Vil was initiated with malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of Mr. Saint-Vil, as Officer Rodriguez knew no probable cause existed for the initiation of prosecution of Mr. Saint-Vil.

102. As a direct and proximate result of the malicious prosecution of Mr. Saint-Vil, he suffered grievously, physical injury, loss of his liberty and freedom, mental anguish, loss of income, cost of bond, loss of capacity for the enjoyment of life, humiliation, loss sense of self-worth, anxiety, and post-traumatic stress. The losses of Mr. Saint-Vil are either permanent or continuing and Mr. Saint-Vil will suffer the losses in the future, in violation of the civil and constitutional rights of Mr. Saint-Vil.

WHEREFORE, Mr. Saint-Vil seeks compensatory and punitive damages against Officer Rodriguez for malicious prosecution, together with court costs and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Respectfully submitted,

**TIRADO-LUCIANO & TIRADO**
Gables International Plaza
2655 Le Jeune Rd., Suite 1109
Coral Gables, FL 33134
Tel: (305) 390-2320
Fax: (305) 390-2321

By: */s/ Monica Tirado*
MONICA TIRADO, ESQ.
Florida Bar No.: 55877
mt@TLTirado.com
ALEX TIRADO-LUCIANO, ESQ.
Florida Bar No.: 70894
atl@TLTirado.com